IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | Civil Action No. |
| v. ) ) | |
| COGNIS CORP. ) ) | JURY TRIAL DEMAND |
| Defendant. ) ) | |

**COMPLAINT**

**NATURE OF THE ACTION**

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to employees who were adversely affected by such practices. As alleged with greater particularity below, a class of employees, including Steven Whitlow ("Charging Party"), were subjected to retaliation, whereby those employees were required – as a condition of their continued employment – to waive their right to file charges with the EEOC and prospectively waive their right to pursue relief regarding future discrimination.

**JURISDICTION AND VENUE**

1. This action is brought by the United States Equal Employment Opportunity Commission to enforce the provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

2. This action is authorized and instituted pursuant to § 706(f)(1), § 706(f)(3), 42 U.S.C. § 2000e-5(f)(1), §2000e-5(f)(3).

3. This court has jurisdiction of this action pursuant to 28 U.S.C. §§ 451, 1331, 1337,

1343, 1345, 42 U.S.C. §§ 2000e-5(f)(3), and § 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. The unlawful acts alleged below were and are now being committed within the jurisdiction of the United States District Court for the Central District of Illinois, Urbana Division.

## PARTIES AND OTHER PERSONS

5. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by § 706(f)(1), Title VII, 42 U.S.C. §2000e-5(f)(1).

6. At all relevant times, Defendant Cognis Corporation ("Cognis" or "Defendant") has been a corporation doing business continuously in Illinois.

7. At all relevant times, Defendant has continuously had at least fifteen employees.

8. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

9. On or about December 19, 2007, more than thirty (30) days prior to the institution of this action, Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

10. On or about March 8, 2010, the Commission sent a Letter of Determination to Defendant, notifying Defendant of the determinations made by the Commission in connection with the EEOC charge filed by Charging Party, and inviting Defendant to participate in an effort to resolve this matter by conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

13. From at least 2005 to the present, Cognis has required a number of its employees – as a condition of employment – to enter into agreements that purport to waive the employees' right to file charges with the EEOC.

14. From at least 2005 to the present, Cognis has required a number of its employees – as a condition of employment – to enter into agreements that purport to waive the employees' right to recover for discrimination occurring in the future.

15. In or around May 2007, for example, Cognis conditioned Charging Party's continued employment on his agreeing to enter into a "Last Chance Agreement" ("LCA") that included an extensive series of releases and waivers that would have insulated Defendant from any effort by Charging Party to file charges with the EEOC or to seek recovery for future discrimination under Title VII. Charging Party asked Defendant to modify the agreement by removing the waivers, explaining that he did not wish to give up his civil rights, but Defendant told him the LCA could not be modified. Because Defendant refused to modify the LCA to remove the rights-waiving provisions, Charging Party revoked the agreement on or around May 21, 2007. Defendant then discharged Charging Party that same day.

16. The effect of the practices complained of above has been to deprive a class of employees, including the Charging Party, of equal employment opportunities and otherwise adversely affect their status as employees in retaliation for opposition to discrimination prohibited by Title VII and/or anticipated participation in activity protected under Title VII.

17. The unlawful employment practices complained of above were and are intentional.

18. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of each member of the class of employees described above, including Charging Party.

## PRAYER FOR RELIEF

WHEREFORE, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice prohibited by Title VII;

B. Order Defendant to institute and carry out policies, practices, and programs which eradicate the effects of its past and present unlawful employment practices;

  C. Order Defendant to make each member of the class of employees described above, including Charging Party, whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief, including but not limited to reinstatement, that is necessary to eradicate the effects of its unlawful employment practices;

  D. Order Defendant to make each member of the class of employees described above, including Charging Party, whole by providing compensation for past and future pecuniary loss;

  E. Order Defendant to make each member of the class of employees described above, including Charging Party, whole by providing compensation for past and future nonpecuniary losses, including emotional pain, suffering, loss of enjoyment of life, inconvenience, and humiliation;

  F. Order Defendant to pay each member of the class of employees described above, including Charging Party, punitive damages for its intentional, malicious and reckless conduct, in an amount to be determined at trial;

  G. Grant such further relief as this Court deems necessary and proper in the public interest; and

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by the Complaint.

                          Respectfully submitted,

                          P. David Lopez
                          General Counsel

                          Gwendolyn Young Reams
                          Associate General Counsel

                          _____
                          John C. Hendrickson
                          Regional Attorney

                          _____
                          Gregory Gochanour
                          Supervisory Trial Attorney

                          _____
                          Brad Fiorito
                          Trial Attorney

                          Equal Employment Opportunity
                             Commission
                          Chicago District Office
                          500 West Madison Street
                          Suite 2000
                          Chicago, Illinois  60661
                          312-353-7722

%JS 44   (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Equal Employment Opportunity Commission

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Bradley S. Fiorito, c/o EEOC, 500 W. Madison St., Ste. 2000, Chicago, IL 60661; (312) 886-9123

## DEFENDANTS
Cognis Corporation

County of Residence of First Listed Defendant **Kankakee**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☒ 1   U.S. Government Plaintiff
☐ 2   U.S. Government Defendant
☐ 3   Federal Question (U.S. Government Not a Party)
☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. 2000e
Brief description of cause:
Retaliatory Discharge

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE  08/18/2010
SIGNATURE OF ATTORNEY OF RECORD  /s/ Bradley S. Fiorito

**FOR OFFICE USE ONLY**
RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____