IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br>                Plaintiff,<br>and<br><br>STEVEN WHITLOW,<br>                Plaintiff-Intervenor,<br>v.<br><br>COGNIS CORPORATION<br>                Defendant, | NO. 2:10-CV 2182-MPM DGB |

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action on August 18, 2010, alleging that Defendant, Cognis Corporation (now Cognis USA LLC) ("Cognis"), violated Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. §2000e-2(a), by retaliating against Steven Whitlow ("Whitlow") and a class of employees, all of whom worked at Cognis' Kankakee facility (referred to herein as the "Impacted Employees"). The EEOC alleged that Cognis retaliated against Whitlow and the Impacted Employees by requiring them – as a condition of their continued employment – to waive their right to file charges with the EEOC and prospectively waive their right to pursue relief regarding future discrimination. Whitlow moved to intervene on October 7, 2010, and filed a separate Complaint on November 2, 2010.

2. During the course of this litigation, Cognis became a wholly owned subsidiary of BASF Corporation ("BASF" or the "Company"), a chemical company headquartered in New Jersey. Following its acquisition in December 2010, Cognis' assets and business were

1

transferred in July 2011 to BASF; as a result, Cognis' employees were transferred to BASF, and BASF now owns and operates the Kankakee facility where all of the affected employees in this litigation worked. BASF did not own or operate the Kankakee facility when the events that form the basis of this lawsuit took place, but that does not diminish BASF's obligations as Cognis' successor under Title VII under this Decree.

3. On EEOC's motion for summary judgment in this action, the Court found in favor of the EEOC and Whitlow as a matter of law on Charging Party Whitlow's claim and entered a liability finding, holding that "Cognis unlawfully retaliated against [Charging Party] Whitlow." *See EEOC v. Cognis*, Case No. 2:10 cv 02182 (C.D. Ill. May 23, 2012). The Court also found that Cognis' policy requiring employees to waive their rights to file a charge was "void because it violates public policy" and ordered that the EEOC's retaliation claim on behalf of the other five Impacted Employees should proceed to trial. *Id*. There has been no finding of liability as to the other Impacted Employees.

4. In the interest of resolving this matter, and as a result of having engaged in comprehensive settlement negotiations, EEOC, BASF, Cognis, and Whitlow have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree shall not be deemed an admission of liability by Cognis, its officers, agents, or successors with respect to any issues other than those for which the Court has already found Cognis liable.

5. This Decree fully and finally resolves any and all issues and claims arising out of the Complaints filed by the EEOC and Whitlow in this action.

FINDINGS

6. Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a.  This Court has jurisdiction of the subject matter of this action and of the parties.

    b.  The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of EEOC, BASF, Cognis, Whitlow, and the Impacted Employees, and the public interest are adequately protected by this Decree.

    c.  This Decree conforms with the Federal Rules of Civil Procedure, Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII, and will be in the best interests of the parties, Whitlow, the Impacted Employees, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

<u>INJUNCTION AGAINST RETALIATION</u>

7. The Company, its officers, agents, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person at the Kankakee facility because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

8. The Company, its officers, agents, successors, assigns and all persons acting in concert with it shall not maintain any last chance employment agreement or other agreement offered to any employee at the Kankakee facility that deters or interferes with employees' right to file charges with the EEOC and state Fair Employment Practices Agencies or to participate in any investigation by the EEOC or a state Fair Employment Practices Agency.

## MONETARY RELIEF

9. The Company or its designee shall pay the total sum of Five Hundred Thousand Dollars and No Cents ($500,000.00) to fully and finally resolve this matter. The money will be distributed in accord with attached Exhibit C. Payments will be made to Charging Party Steven Whitlow (a reasonable portion of which shall be designated as wage relief, subject to the employee's share of employment tax withholdings, and a reasonable portion of which shall be designated as non-wage relief) and each of the following Impacted Employees: Dave Bunnell, Moses Hillman, Nate Johnson, Ed Tholen, and Keith Wright (payments to these individuals shall be designated as non-wage relief).

10. In the event that any of the funds issued to Whitlow or the Impacted Employees remain uncashed by them after 120 days from the date of entry of the Decree, the remaining sum shall become part of a *cy pres* fund to be distributed to The Employment Opportunity Project of The Chicago Council of Lawyers. A copy of the check distributing these funds shall be provided to the EEOC within five (5) days of the distribution.

11. Within five (5) business days after entry of this Decree, the EEOC will mail to each of the Impacted Employees a copy of the Release Agreement, attached as Exhibit A. Within ten (10) business days after receipt by the Company from EEOC of a signed Release Agreement, the Company shall issue and mail by certified mail to the signatory a check for the amount contained in Exhibit C. The Company shall also mail a copy of the check to the EEOC within five (5) business days of sending of it. The EEOC shall provide the Company with a current address for each of the Impacted Employees along with the delivery of the signed release. Plaintiff-Intervenor Whitlow shall execute and return a General Release Agreement to his counsel who will send it to the Company. The General Release Agreement to be executed by Whitlow was

4

the result of negotiations between the Company and Whitlow, who was represented by his own counsel. The EEOC did not take part in those negotiations and has not approved the General Release Agreement. By signing this Decree, the Company confirms that the General Release conforms to Paragraph 12 of this Decree. The Company will issue an IRS Form W-2 with respect to the wage portion of Whitlow's award and an IRS Form 1099 with regard to the compensatory damages component of the monetary award for Whitlow and the Impacted Employees. Within ten (10) business days after receipt by the Company from Whitlow's counsel of a signed Release Agreement for Whitlow and his counsel, the Company shall issue and mail by certified mail to Whitlow's counsel the payment due Whitlow under this Decree.

12. The Company agrees that it will not condition the receipt of monetary relief on the agreement of Whitlow or any of the Impacted Employees to: (a) maintain as confidential the facts and/or allegations underlying his charge (for Whitlow) and their complaints and the terms of this Decree; (b) waive their respective statutory rights to file a charge with any governmental agency; (c) refrain from reapplying for a job with the Company; or (d) agree to a non-disparagement and/or confidentiality agreement.

### POSTING OF NOTICE

13. Within thirty (30) business days after entry of this Decree, the Company shall post at the Kankakee location same-sized copies of the Notice attached as Exhibit B to this Decree on bulletin boards usually used by the Company for communicating with all its employees. The Notice shall remain posted for two years from the date of entry of this Decree.

14. The Company shall ensure that the posting is not altered, defaced, or covered by any other material. The Company shall certify to the EEOC in writing within forty-five (45) business days after entry of this Decree that the Notice has been properly posted. Upon reasonable notice

to the Company, the Company shall permit a representative of the EEOC to enter the Kankakee facility for purposes of verifying compliance with this Paragraph at any time during business hours.

## RECORDKEEPING

15. For a period of two (2) years following entry of this Decree, the Company shall maintain records of any complaint from any current or former employee of the Kankakee facility in which the employee alleges that he or she was retaliated against for having made a claim covered by Title VII. Such records shall indicate the date the complaint was made, who made it, the current contact information for the complainant, what was alleged, and what actions the Company took, if any, to resolve the matter. The Company shall also maintain records of any last chance agreements or other employment-related agreement offered to any employee at the Kankakee facility. Such records shall indicate the name, job title, and contact information for the employee and shall state whether the employment-related agreement or last chance agreement contains the language referred to in Paragraph 21 below.

16. The Company shall make all documents or records referred to in Paragraph 15 above available for inspection and copying within ten (10) business days after the EEOC so requests in writing.

## REPORTING

17. The Company shall furnish to the EEOC written reports twice per year for a period of two (2) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due twenty three (23) months after entry of the Decree. Each such report shall contain a summary of the information recorded by the Company pursuant to Paragraph 15 and a certification that the notice required by Paragraph 13 has

remained in place for the six-month period preceding the report as well as the certification required regarding training pursuant to Paragraph 18 if training has taken place during the reporting period.

## TRAINING

18. For a period of two (2) years following entry of this Decree, the Company shall ensure that the following individuals participate in an annual training session: (1) all human resources staff at the Kankakee facility; (2) any other staff, regardless of work location, who assist with the response to complaints of discrimination at the Kankakee facility, other than those whose assistance is remote and ministerial only; and (3) all personnel with any responsibility for negotiating last chance agreements or any other agreement offered to any employee at the Kankakee facility as a condition of continued employment, including Beverly Lemenager and Mark Egler (to the extent they are still employed at the time this Decree is executed and in effect) or their replacements. The training will be paid for by the Company and approved by the EEOC. The training will cover the duty to avoid retaliation under the federal laws against employment discrimination, including the right of employees to file charges of discrimination free from retaliation, and the obligation of employers to refrain from interfering with employees' right to files charges. The first training shall take place within ninety (90) days of entry of this Decree.

19. The Company shall obtain EEOC's approval of its proposed instructor prior to the training session. The Company shall submit the name, address, telephone number, resume, and training proposal of the proposed instructor, including all proposed training materials, to EEOC at least fifteen (15) business days prior to the proposed date(s) of the training. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or

reject the proposed instructor. No response by the EEOC shall be deemed approval of the Company's proposed instructor. In the event EEOC does not approve the Company's designated instructor and communicates that to the Company, the Company shall have five (5) business days to identify an alternate instructor. EEOC shall have five (5) business days from the date of receipt of the information described above to accept or reject the alternate instructor. If the parties cannot through this process agree on an instructor, then they may seek the Court's assistance under Paragraph 28. The Company shall not use to conduct training outlined in this Decree any person, including any attorney, who was ever involved in drafting, revising, or implementing with the Impacted Employees, the LCAs at issue in this case.

20. As part of the semi-annual reports to the EEOC under Paragraph 17, the Company shall include a written certification that the training has occurred that the required personnel have attended. Such certification shall include: (i) the date, location and duration of the training; and (ii) a copy of an attendance list, which shall include the name and position of each person in attendance. The Company shall provide EEOC with copies of all materials distributed to the participants if different from those materials previously provided.

### REVOCATION OF CHARGE FILING BAR IN ANY LAST CHANCE EMPLOYMENT AGREEMENT AND NOTICE OF RIGHT TO FILE A CHARGE TO KANKAKEE EMPLOYEES SUBJECT TO SUCH AGREEMENTS

21. Within sixty (60) calendar days of the date of the entry of this Decree, the Company shall distribute to all of its employees at the Kankakee facility a notification that any provision of any last chance employment agreement or other agreement offered to any employee at the Kankakee facility that could be construed to prohibit any employee from filing a charge of discrimination with the EEOC is null and void. The notification shall inform employees that all such agreements are now amended with the following language:

> "Nothing in this Agreement infringes on an Employee's ability to file a charge or claim of discrimination with the U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge, issuing a determination, filing a lawsuit in Federal or state court in their own name, or taking any other action authorized under these statutes. Employees retain the right to participate in such action."

For the period of the Decree, the Company shall include this language in any last chance agreement or agreement offered to a Kankakee employee as a condition of continued employment.

22. As part of its initial report to the EEOC under Paragraph 17, the Company shall include a written certification that the distribution to its Kankakee employees of the notification of the revocation of any charge filing bar in any last chance agreement or other employment agreement has occurred. As part of its ongoing reporting obligation, the Company shall inform the EEOC whether each last chance agreement or agreement offered to a Kankakee employee as a condition of continued employment during the term of the Decree contains this language.

### AMENDMENT OF POLICY PROHIBITING DISCRIMINATION AND RETALIATION

23. Within sixty (60) calendar days of the entry of this Decree, the Company shall amend its policy against discrimination and retaliation by adding the following language:

> "This policy recognizes an Employee's ability to file a charge or claim of discrimination with the U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge, issuing a determination, filing a lawsuit in Federal or state court in their own name, or taking any other action authorized under these statutes.

**Employees retain the right to participate in such action."**

The Company shall distribute the amended policy within thirty (30) days after it is amended to all Kankakee employees. The Company shall also distribute the amended policy to all other employees in accord with the Company's schedule and process for distributing policy documents.

24. As part of its initial report to the EEOC under Paragraph 17, the Company shall include a written certification that the distribution of the amendment of its policy against discrimination and retaliation and the distribution thereof to its Kankakee employees has occurred.

25. The inclusion of Paragraphs 21-23 in the Decree does not represent the Court's or EEOC's approval of any of the Company's agreements or its policy against discrimination and retaliation.

## TOLLING OF THE CHARGE FILING PERIOD

26. Within ten (10) days of the entry of this Decree, EEOC will notify Whitlow and Impacted Employees Dave Bunnell, Moses Hillman, Nate Johnson, Ed Tholen, and Keith Wright via letter of their ongoing right to file a charge of discrimination with the EEOC regardless of any contrary language in each such employee's last chance agreement.

27. The Company agrees that in response to a charge of discrimination filed with the EEOC by one of the employees referenced in Paragraph 26, which charge is filed within 120 days from the date of the entry of this Decree, the Company will not raise as a defense that the employee failed to timely file his charge of discrimination. The Company thus waives the limitations period for these employees for the filing of a charge of discrimination so long as these employees file a charge of discrimination within the 120 days from the date of entry of this Decree. Should one of these employees file a Charge within the 120 day tolling period, the

Company retains it right to present any legal or factual defense to such a charge other than the fact that the charge was not timely filed. Should one of these employees file a Charge after 120 days has passed, the Company retains its right to present any legal or factual defense to such a charge, including a defense that the charge is untimely. The Company agrees that any payment made pursuant to this Decree shall not be treated as a set-off in any action brought as a result of a charge filed pursuant to Paragraph 26.

## DISPUTE RESOLUTION

28. In the event that any party to this Decree believes that any other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

29. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 28, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

30. Each party to this Decree shall bear its own expenses, attorneys' fees, and costs.

31. The terms of this Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Cognis and/or the Company. The Company, and any successor(s) of the Company, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with the Company, or any successor of the Company, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

32. Certifications made by the Company must be made under oath or by counsel as an officer of the court. When this Decree requires the submission by the Company of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Brad Fiorito & Deborah Hamilton, Trial Attorneys, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2000, Chicago, Illinois, 60661. When this Decree requires submission by the EEOC of materials to the Company, they shall be mailed to: BASF North America Headquarters, Senior Vice President and General Counsel, Office of the General Counsel, 100 Park Avenue, Florham Park, NJ 07932.

ENTERED AND APPROVED FOR:

Agreed to in form and content:

| | |
|---|---|
| FOR PLAINTIFF<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION: | FOR COGNIS CORP., now COGNIS USA LLC: s/ David Stryker<br><br>Name: David Stryker<br>Title: Vice President and Secretary |
| P. David Lopez<br>General Counsel | |
| James Lee<br>Deputy General Counsel | FOR BASF CORPORATION:<br>s/ David Stryker<br><br>Name: David Stryker<br>Title: SVP, General Counsel & Secretary |
| Gwendolyn Young Reams<br>Associate General Counsel | |
| s/ John Hendrickson<br><br>JOHN C. HENDRICKSON<br>Regional Attorney | FOR STEVEN WHITLOW:<br><br>s/ James Rowe<br><br>Name: JAMES ROWE<br>Title: ATTORNEY FOR STEVEN WHITLOW |
| s/ Gregory Gochanour<br><br>GREGORY GOCHANOUR<br>Supervisory Trial Attorney | |
| s/ Bradley Fiorito<br><br>BRADLEY FIORITO<br>DEBORAH HAMILTON<br>Trial Attorneys<br><br>Equal Employment Opportunity Commission<br>500 W. Madison St., Suite 2000<br>Chicago, IL 60661 | |

```
               ENTERED this 25th day of January, 2013
                       s/Michael P. McCuskey
                     MICHAEL P. McCUSKEY
                     U.S. DISTRICT JUDGE
```

## EXHIBIT A

## RELEASE AGREEMENT

I, _____, in consideration for $ _____ paid to me by BASF or its designee, in connection with the resolution of EEOC v. Cognis Corp., Case No 2:10-CV-2182-MPM-DGB (C.D. Ill.), waive my right to recover for any claims of retaliation arising under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., that I had against Cognis or BASF Corporation prior to the date of this release and that were included in the claims alleged in EEOC's complaint in EEOC v. Cognis Corp., Case No 2:10-CV-2182-MPM-DGB (C.D. Ill.).

Date: _____     Signature: _____

Taxpayer Identification Number or Social Security Number: _____

Address: _____

## EXHIBIT B

## NOTICE TO ALL KANKAKEE EMPLOYEES

This Notice is being posted pursuant to a Consent Decree, entered by the federal court in EEOC v. Cognis Corp., Case No 2:10-CV-2182-MPM-DGB (C.D. Ill.), resolving a lawsuit filed against Cognis Corporation ("Cognis") by the Equal Employment Opportunity Commission ("EEOC").

In its suit, the EEOC alleged that Cognis retaliated against a class of employees by requiring them to sign last chance employment agreements or other agreements as a condition of continued employment that contained a bar on filing a charge of discrimination with the EEOC and State fair employment agencies. The Court found that Cognis' ban on charge-filing was void and that, at least with regard to one employee, Cognis engaged in unlawful retaliation.

To resolve the case BASF (which acquired Cognis during the lawsuit) and the EEOC have entered into a Consent Decree that provides, among other things, that:

1) A payment will be made to the complainant and class members;

2) BASF will not retaliate against any person because (s)he: opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, or participated in any Title VII proceeding;

3) any provision of any last chance agreement or other employment agreement that appears to preclude filing a charge with the EEOC or any State fair employment practices agency is null and void. All such agreements are amended to state:

**"Nothing in this Agreement infringes on an Employee's ability to file a charge or claim of discrimination with the U.S. Equal Employment Opportunity Commission or comparable state or local agencies. These agencies have the authority to carry out their statutory duties by investigating the charge, issuing a determination, filing a lawsuit in Federal or state court in their own name, or taking any other action authorized under these statutes. Employees retain the right to participate in such action."**

4) employees who were subject to last chance agreement or other employment agreement that contains a charge filing bar may file a charge of discrimination with the EEOC within 120 days of the date of entry of this Consent Decree. So long as the charge is filed within 120 days from the date of the entry of this Decree, BASF will not raise as a defense that the employee failed to timely file his or her charge of discrimination.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 869-8000. The EEOC charges no fees and has employees who speak languages other than English.

<u>**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE**</u>

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: The Cognis Settlement, EEOC, 500 West Madison Street, Suite 2000, Chicago, Illinois 60661.**

_____        _____
Date                   The Honorable Judge Michael P. McCuskey